Gregory J. Marshall (#019886)
Erica J. Stutman (#029664)
Snell & Wilmer L.L.P.
One Arizona Center
400 E. Van Buren
Phoenix, Arizona  85004-2202
Telephone:  602.382.6000
Facsimile:  602.382.6070
gmarshall@swlaw.com
estutman@swlaw.com

Michael B. Miller (pro hac vice)
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019-9601
Telephone:  212.468.8000
Facsimile:  212.468.7900
mbmiller@mofo.com

Angela E. Kleine (pro hac vice)
Ben Patterson (pro hac vice)
Morrison & Foerster LLP
425 Market Street
San Francisco, California  94105-2482
Telephone:  415.268.7000
Facsimile:  415.268.7522
akleine@mofo.com
bpatterson@mofo.com

*Attorneys for Defendant*
*Federal National Mortgage Association*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James and Katherine McCalmont, married individuals,<br><br>                    Plaintiff,<br><br>v.<br><br>Federal National Mortgage Association and Federal Housing Finance Agency as the conservator of Federal National Mortgage Association,<br><br>                    Defendants. | No. 2:13-cv-02107-JJT<br><br><br>**REPLY IN SUPPORT OF FEDERAL NATIONAL MORTGAGE ASSOCIATION'S *DAUBERT* MOTION TO EXCLUDE EVAN D. HENDRICKS** |

1

## I.  INTRODUCTION

Plaintiffs devote most of their opposition to Fannie Mae's *Daubert* motion to describing Mr. Hendricks's professional experience.  To be sure, Mr. Hendricks has self-published a newsletter and book, and works as a paid witness.  But no résumé is sufficient to admit legal opinions or speculation devoid of reliable methodology.  *See United States v. Hermanek*, 289 F.3d 1076, 1093 (9th Cir. 2002) ("It is well settled that bare qualifications alone cannot establish the admissibility of . . . expert testimony."); *Suenos, LLC v. Goldman*, No. CV10-1034-TL, 2013 WL 11312587, at *1 (D. Ariz. Jan. 24, 2013) (Experts "relying solely or primarily on experience . . . must explain how that experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts.") (citing Fed. R. Civ. P. 702, advisory committee notes to 2000 amendments).

No matter how extensive Mr. Hendricks's self-publishing and testifying experience may be, his opinions in this case are not admissible and should be excluded.  First, the bulk of Mr. Hendricks's proffered opinions are legal argument and conclusions, which the parties agree are inadmissible.  Plaintiffs claim that Fannie Mae's motion mischaracterizes Mr. Hendricks's opinions in this regard, but the face of Mr. Hendricks's report contradicts their arguments.  Second, Mr. Hendricks's purported expertise is insufficient to support the opinions he seeks to present.  For example, he has no first-hand industry or other professional experience on which to base his opinions regarding how lenders use DU Findings or how lenders report derogatory mortgage events to credit reporting agencies.  He instead relies on his general impressions and second-hand accounts.  Finally, Mr. Hendricks attempts to recast the language of the Fair Credit Reporting Act into speculative "industry standards."  Yet Mr. Hendricks is manifestly unable to explain or support any such standards.

The Hendricks Report does not meet the requirements of Rule of Evidence 702 that expert opinions must be "a product of reliable principles" and "reliably appl[y] the principles … to the facts of the case."  Fed. R. Evid. 702(c), (d).  The legal conclusions

1   and flaws in Mr. Hendricks's hazy methodology are not just "weight-of-the-evidence"

2   issues; they render his opinions excludable under *Daubert* and Federal Rule of Evidence

3   702.  Fannie Mae respectfully requests that the Court exclude Mr. Hendricks's opinions.

4   **II.     ARGUMENT**

5         **A.     Mr. Hendricks's Legal Opinions On The FCRA's Meaning And Application Should Be Excluded.**

6

7         Plaintiffs do not substantively respond to Fannie Mae's detailed showing that

8   Mr. Hendricks's opinions are rife with legal conclusions.  (*See* ECF No. 116 ("Hendricks

9   Mot.") at 4-5; ECF No. 128 ("Opp.") at 4.)  Indeed, Plaintiffs "whole-heartedly agree such

10   ultimate legal conclusions are not for Mr. Hendricks to instruct the jury."  (Opp. at 4.)

11   Yet Plaintiffs simply ignore the numerous legal opinions in Mr. Hendricks's Report.

12         As described in Fannie Mae's motion (Hendricks Mot. at 5), and despite Plaintiffs'

13   assurances (Opp. at 3-4), Mr. Hendricks spends nearly half of his report attempting to

14   establish that DU findings constitute "consumer reports" under the FCRA, concluding that

15   "***DU Findings Reports are indeed consumer reports***" and "Fannie Mae ***acts as a***

16   ***consumer reporting agency*** when it sells such reports."  (ECF No. 116-2 ("Hendricks

17   Report") at 5 (emphasis added).)  In the preceding five pages, Mr. Hendricks attempts to

18   dissect and apply various statutory definitions, and opines at length on the meaning of

19   "adverse action" under the FCRA and Equal Credit Opportunity Act.  (*Id.* at 2-3.)  The

20   remainder of these sections are concerned with whether DU findings "bear on" "credit

21   capacity and mode of living" or "creditworthiness," which are central elements of the

22   FCRA's definition of a "consumer report."  (*See id*. at 1-5); 15 U.S.C. § 1681a.

23         These are impermissible legal conclusions, and they should be excluded.  *See G.F.*

24   *Co. v. Pan Ocean Shipping Co.*, 23 F.3d 1498, 1507 n.6 (9th Cir. 1994) ("We have

25   'condemned the practice of attempting to introduce law as evidence'") (citation omitted);

26   *Aguilar v. Int'l Longshoremen's Union Local #10*, 966 F.2d 443, 447 (9th Cir. 1992)

27   ("matters of law [are] for the court's determination" and are "inappropriate subjects for

28   expert testimony"); *Nationwide Transp. Fin. v. Cass Info. Sys.*, 523 F.3d 1051, 1058 (9th

Cir. 2008) ("[A]n expert witness cannot give an opinion as to her *legal conclusion*, i.e., an opinion on an ultimate issue of law."); *United States v. Boulware*, 558 F.3d 971, 975 (9th Cir. 2009) (affirming exclusion of expert testimony that "constituted a legal opinion") (citation omitted).

      **B.**    **Mr. Hendricks's Opinions That Fannie Mae Acted "Unreasonably" Or Caused Plaintiffs' Losses Are Inadmissible.**

               **1.**    **Mr. Hendricks's Opinions On Whether Fannie Mae's Conduct Comports With The FCRA Are Impermissible Legal Conclusions.**

As explained in Fannie Mae's Motion, Mr. Hendricks's legal opinions go further, opining on the central issue in this case—how the FCRA applies to the facts regarding Fannie Mae's alleged actions in this case.  (*See* Hendricks Mot. at 6.)  Plaintiffs do not respond to this argument beyond making the bald assertion that Fannie Mae "mischaracterizes and then recasts all [of] Mr. Hendricks' anticipated testimony as solely legal conclusions."  (Opp. at 3.)

Again, Plaintiffs simply ignore the Hendricks Report.  For example, Mr. Hendricks's own "Methodology" section states that "a fundamental method that I employ and follow is to apply my experience with and specialized knowledge of . . . the *Fair Credit Reporting Act and operations thereunder, to the facts at hand*."  (Hendricks Report at 5 (emphasis added).)  Mr. Hendricks goes on:  "Another important purpose [of his proposed testimony] is to . . . help the jury determine if the Defendant's problematic actions in relation to Plaintiffs was foreseeable [*sic*] . . . . still another purpose is to help the jury evaluate whether Plaintiffs' damages were foreseeable."  (*Id.*)  Similarly, Mr. Hendricks seeks to inform the jury that Fannie Mae's purported evaluation of the short-sale information was "unreasonable."  (*Id.* at 7.)  Further, he opines, "[i]n Plaintiffs' case, the 'adverse impact' on Fannie's 'recommendation' *directly resulted* in the 'adverse action' of the Plaintiffs being denied mortgage loans by Amerifirst Financial and Homeowners Financial Group (and possibly others)."  (*Id.* at 3 (emphasis added).)

These are all legal conclusions and are therefore inappropriate subjects of expert opinion.  *See United States v. Scholl*, 166 F.3d 964, 973 (9th Cir. 1999); *see also Miller v. Stryker Instruments*, No. CV 09-813-PHX-SRB, 2012 U.S. Dist. LEXIS 70314, at *33 (D. Ariz. Mar. 29, 2012) (excluding testimony and holding that "[r]egarding whether Defendant deviated from legal requirements . . . , it is the responsibility of the Court to instruct the jury about those legal requirements").  Indeed, Judge Bolton excluded Mr. Hendricks from "provid[ing] an opinion as to whether [Fannie Mae's] procedures should be considered 'unreasonable' under the FCRA, because this is an ultimate issue that will be decided by the jury." *Zabriskie v. Fed. Nat'l Mortg. Ass'n*, No. CV-13-02260-PHX-SRB, 2016 WL 3653512, at *2 (D. Ariz. Apr. 22, 2016).  Mr. Hendricks should be barred from offering such opinions, just as he has been in the past.

## 2.     Mr. Hendricks's Methodology Is Unreliable.

Plaintiffs do not dispute that Mr. Hendricks's knowledge of credit reporting is based on his prior work as an expert witness and his review of deposition transcripts.  (*See* Hendricks Mot. at 8-9; Opp. at 16-17.)  Plaintiffs cite no authority for the proposition that such limited and second-hand experience, gained in the adversarial context of litigation, qualifies one as an expert.  While Mr. Hendricks did author a newsletter on privacy matters and a book on credit reports for consumers, both of these were self-published.  (Opp. at 6.)  Plaintiffs offer no evidence that the information or views expressed in these works have ever been independently verified, acknowledged as accurate by industry members, or subject to any form of peer review.  *See Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 593 (1993) (peer review is a "pertinent consideration" for admissibility).  And as Plaintiffs recently argued, prior expert testifying experience does not amount to "specialized knowledge" of a topic.  (ECF No. 123 at 7-8 (citing *Thomas J. Kline, Inc. v. Lorillard, Inc.*, 878 F.2d 791, 800 (4th Cir. 1989) ("it would be absurd to conclude that one can become an expert simply by accumulating experience in testifying"); *Neal v. CSC Credit Card Servs., Inc.*, No. 8:02CV378, 2004 WL 628212, at *1 (D. Neb. Mar. 30, 2004) (excluding expert witness because his "alleged expertise

4

1  comes directly from his preparations for this and other [FCRA] litigation, not from

2  education or work experience")).)

3     Altogether, Mr. Hendricks's purported expertise is insufficient to admit his

4  proposed opinions in this case.  *See Hermanek*, 289 F.3d at 1093-94; *Lucido v. Nestle*

5  *Purina Petcare Co.*, 217 F. Supp. 3d 1098, 1107 (N.D. Cal. 2016) (excluding expert

6  testimony in its entirety where the qualifications of the proposed expert were not relevant

7  to the specific opinions offered).

8              **3.    Mr. Hendricks's Opinions Regarding Industry Standards Are**
                       **Not Based On Sufficient Data.**
9

10    As discussed in Fannie Mae's Motion, Mr. Hendricks does not explain the

11  "well-known and long-standing standards" discussed in his Report, and admitted that the

12  reference guide mentioned in his Report is voluntary and does not apply to Fannie Mae.

13  (*See* Hendricks Mot. at 10-12.)  Plaintiffs attempt to portray this as a mere failure to

14  include "pin citations" to industry materials generally referenced by Mr. Hendricks.

15  (Opp. at 16.)  But a review of Mr. Hendricks's Report reveals that he never provides any

16  explanation of these "industry standards."

17    Specifically, Mr. Hendricks writes that "[a]ccuracy is . . . a leading standard in the

18  internal manuals of the participants in the credit reporting industry."  (Hendricks Report at

19  6.)  However, Mr. Hendricks does not attempt to explain any specific standard by which

20  accuracy is to be judged in this case or how it is implemented in the credit reporting

21  industry.  Nor has he produced any such internal manuals in this case.  Similarly, Mr.

22  Hendricks states that "[a]nother important standard in credit reporting coinciding with

23  accuracy is completeness."  (*Id.*)  Yet Mr. Hendricks does not attempt to articulate any

24  specific standard for completeness in the context of credit reporting.  As explained in

25  Fannie Mae's Motion, Mr. Hendricks's failure to identify specific standards for

26  determining accuracy or completeness makes his opinions simply speculation.  For

27  example, Mr. Hendricks does not provide *any sources* or *any basis* to support his claim

28

that information in a tradeline can be both technically accurate and misleading.  (*See* Hendricks Mot. at 10-11.)

Mr. Hendricks's opinions pertaining to industry standards, as disclosed in his Report, amount to mere speculation and only serve to cloud the issues in this case.  These opinions should be excluded.  *See Ollier v. Sweetwater Union High Sch. Dist.*, 768 F.3d 843, 860 (9th Cir. 2014) (affirming exclusion of expert opinions where the district court could not "discern what, if any, method he employed in arriving at his opinions" and found that the expert's "conclusions appear to be based on his personal opinions and speculation rather than on a systematic assessment"); *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 806-07 (9th Cir. 1988) (affirming exclusion of expert report that "rests on unsupported assumptions and ignores distinctions crucial to arriving at a valid conclusion"); *Grodzitsky v. Am. Honda Motor Co.*, No. 2:12-CV-1142-SVW-PLA, 2015 WL 2208184, at *8 (C.D. Cal. Apr. 22, 2015) (excluding opinions when an expert witness failed to identify the relevant industry standards); *see Wright v. GMAC*, 545 F. App'x 686, 688 (9th Cir. 2013) (concluding that Mr. Hendricks's "vague and abstract expert testimony" was unavailing to establish causation).

In addition, Fannie Mae has shown that Mr. Hendrick's use of the term "industry standards" amounts to simply applying the standards set forth in the FCRA.  (*See* Hendricks Mot. at 7 n.1, 10-11.)  Plaintiffs do not respond to this point.  As discussed above, Mr. Hendricks may not opine on whether Fannie Mae's conduct comports with FCRA standards because this would be an impermissible legal conclusion.

Finally, Mr. Hendricks's opinions would confuse the line between statutory and industry standards and are unduly prejudicial.  (*See* Hendricks Mot. at 13); *see also United States v. Pac. Gas & Elec. Co.*, No. 14-cr-00175-TEH, 2016 WL 1640462, at *3 (N.D. Cal. Apr. 26, 2016) (excluding opinions on industry standards that "would confuse the issues" because it would invite the jury to substitute another standard for the statutory standard that the plaintiff must prove); *Equal Employment Opportunity Comm'n v. Glob. Horizons, Inc.*, No. CV-11-3045-EFS, 2014 WL 11429301, at *2–3 (E.D. Wash. May 9,

6

2014) (prohibiting expert testimony on industry standards because it "could unduly prejudice the jury by allowing the jury to consider the [defendants] as bad actors for simply failing to comply with industry. . . policies"). Again, Plaintiffs do not respond to this argument. Mr. Hendricks's opinions on "industry standards" should be excluded for this additional reason.

C.     **Mr. Hendricks Should Not Be Permitted To Testify On Intent Or State Of Mind, Or To Parrot Other Factual Allegations In Lieu Of Direct Proof.**

Fannie Mae has also made a detailed showing that Mr. Hendricks seeks to testify about the intent and states of mind of lenders and Fannie Mae, and to present factual allegations that require direct proof by Plaintiffs. (Hendricks Mot. at 12-13.)

In response, Plaintiffs assert that "Mr. Hendricks also does not intend to offer testimony as to Fannie Mae's 'state of mind' as Fannie Mae contends." (Opp. at 4.) Again, Mr. Hendricks's written opinions contradict these reassurances. Mr. Hendricks opines that Fannie Mae had "specific knowledge" of standards set forth in the FCRA and "chose to disregard" various notices. (Hendricks Report at 9-10.) It would be improper for the Plaintiffs to use Mr. Hendricks to present these opinions, for the exact reasons described in Fannie Mae's Motion and *Valenzuela v. Equifax Information Services LLC*, No. CV-13-02259-PHX-DLR, 2015 U.S. Dist. LEXIS 151064 (D. Ariz. Nov. 6, 2015), which held:

> Hendricks' testimony about [defendant's] motivations, intentions, objective state of mind, and subjective beliefs is improper because it usurps the province of the fact-finder, which is responsible for drawing reasonable inferences about [defendant's] state of mind from the evidence presented at trial. Hendricks' opinion will not assist the fact-finder in drawing these inferences. He will not be permitted to opine on these subjects.

*Id.* at *8-9.

For the same reasons, Mr. Hendricks should not be permitted to offer opinions about lenders' beliefs, state of mind, and intent, as well as statements about alleged events

7

4835-6457-2517

post-dating the relevant time period.  (*See* Hendricks Mot. at 12-13.)  These opinions should be excluded.

### D.      Plaintiffs' Proposed Additional Opinions Should Also Be Excluded.

In their Opposition, Plaintiffs seek to impermissibly expand Mr. Hendricks's opinions beyond the scope of his Report.  In their list of proposed topics, Plaintiffs state that the opinions will include "identification of the consumer credit industry players (credit furnishers, credit reporting agencies, tri-merge companies, mortgage brokers/lenders, and Fannie Mae) and credit scoring data that were involved in the McCalmonts' mortgage loan application process."  (Opp. at 3.)  Plaintiffs also state the opinions will include "the extent to which other consumer reporting agencies in the consumer reporting industry maintain policies and procedures to report accurate consumer information to lenders in consumer loan transactions."  (*Id.*)  These topics are not discussed anywhere in the Hendricks Report.  This violates the requirement that an expert report contain "a complete statement of all opinions the witness will express."  Fed. R. Civ. P. 26(a)(2)(B)(i).  Nor were they disclosed at deposition.  These proposed new opinions should also be excluded.

## III.   CONCLUSION

For each of the reasons set forth above and in Fannie Mae's Motion, Fannie Mae respectfully requests that the Court exclude the opinions of Evan D. Hendricks in its entirety.

4835-6457-2517

1   DATED this 11th day of May, 2018

2                                          SNELL & WILMER L.L.P.

3

4                              By:    /s/ Erica Stutman
                                      Gregory J. Marshall
5                                     Erica J. Stutman
                                      One Arizona Center
6                                     400 E. Van Buren, Suite 1900
                                      Phoenix, Arizona  85004-2202
7

8                                     MORRISON & FOERSTER LLP

9                                     Michael B. Miller (pro hac vice)
                                      250 West 55th Street
10                                    New York, New York 10019-9601

11                                    Angela E. Kleine (pro hac vice)
                                      Ben Patterson (pro hac vice)
12                                    425 Market Street
                                      San Francisco, California  94105
13

14                                    *Attorneys for Defendant*
                                      *Federal National Mortgage Association*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 11, 2018, I electronically transmitted the foregoing

document to the Clerk's Office using the CM/ECF System for filing and transmittal of a

Notice of Electronic Filing to the following CM/ECF registrants:

Paul B. Mengedoth, Esq.
Mengedoth Law PLLC
20909 N 90th Street, Suite 211
Scottsdale, AZ 85255
paul@mengedothlaw.com

Sylvia A Goldsmith, Esq.
Goldsmith & Associates, LLC
20545 Center Ridge Road, Suite 120
Rocky River, OH 44116
goldsmith@goldsmithlawyers.com

*Attorneys for Plaintiffs*


  */s/ Jacquelynn Lundgren*

10