**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James McCalmont, *et al.*, | No. CV-13-02107-PHX-JJT |
| Plaintiffs, | **ORDER** |
| v. | |
| Federal National Mortgage Association, *et al.*, | |
| Defendants. | |

At issue is Plaintiffs' Motion to Alter or Amend the Judgment (Doc. 158 (unsealed); Doc. 161 (sealed), Mot.), which the Court treats as a Motion for Reconsideration. Plaintiffs ask the Court to reconsider its January 15, 2019 Order (Doc. 153) granting summary judgment in favor of Defendant. The Court's Order came after the Ninth Circuit's decision in *Zabriskie v. Federal National Mortgage Association*, 912 F.3d 1192 (9th Cir. 2019), which—contrary to Plaintiffs' argument—is controlling in this case.

**I.    LEGAL STANDARD**

The Court has discretion to reconsider and vacate a prior order. *Barber v. Hawaii*, 42 F.3d 1185, 1198 (9th Cir. 1994). Motions for reconsideration are generally disfavored, however, and should be granted only in rare circumstances. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM (ECV), 2008 WL 1776502, at *2 (D. Ariz. Apr. 15, 2008) (citing *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995)). Disagreement with an order is an insufficient basis for reconsideration. *See id.* (citing *Leong v. Hilton Hotels Corp.*, 689 F. Supp. 1572, 1573 (D. Haw. 1988)). Further, "[a] motion for

reconsideration is not an appropriate time to raise new legal arguments." *Schurz v. Schriro*, No. CV-97-580-PHX-EHC, 2006 WL 89933, at *20 (D. Ariz. Jan. 11, 2006). Reconsideration is only appropriate if: (1) the court is presented with newly discovered, previously unavailable evidence; (2) the court committed a clear error of law and the initial decision was manifestly unjust; or (3) there has been an intervening change in controlling law. *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc*., 5 F.3d 1255, 1263 (9th Cir. 1993).

## II. ANALYSIS

Plaintiffs argue that the Court committed manifest errors of law in its January 15, 2019 Order. (Mot. at 4.) In that Order, the Court acknowledged the Ninth Circuit's ruling that Defendant is not a credit reporting agency ("CRA") and therefore is not subject to the Federal Credit Reporting Act ("FCRA"). (Doc. 153.) As the Court reads that case, Defendant does not somehow become a CRA when lenders use its automated underwriting system known as Desktop Underwriter ("DU"). And that factual scenario is the same one that Plaintiffs present to the Court now.

Nevertheless, Plaintiffs argue that the evidence in this case is meaningfully different and more dispositive than the evidence presented in *Zabriskie*, therefore requiring the Court to deny Defendant's Motion for Summary Judgment. (Mot. at 7–12.) Plaintiffs further argue that the Court failed to view the evidence in the light most favorable to Plaintiffs, who were the non-moving party. (Mot. at 13–15.) Both arguments fail in the face of the Ninth Circuit's decision and its application to this case.[1]

---

[1] Plaintiffs also argue that the Ninth Circuit already rejected the argument that Defendant is not a CRA because it is a mere "seller of software." (Mot. at 6.) Plaintiffs point out that Defendant already made that argument to the Ninth Circuit in this case, and it did not prevail. While Plaintiffs are correct that there are similarities between the arguments made before the Ninth Circuit in this case and in *Zabriskie*, Plaintiffs paint with too broad a brush. In this case, the Ninth Circuit rejected Defendant's software argument only so far as to overturn the district court's grant of summary judgment in favor of Defendant and to remand the case for development of the evidentiary record. *McCalmont v. Fed. Nat'l Mortgage Ass'n.*, 677 Fed.Appx. 331, 332 (9th Cir. 2017) (finding that Plaintiffs' "complaint contains sufficient plausible allegations to raise the reasonable inference that [Defendant] "qualifies as a 'consumer reporting agency'"). But in *Zabriskie*, the Ninth Circuit did not just send the case back to district court with instructions to deny summary judgment and allow evidence on the matter. Rather, the Ninth Circuit granted

While it is true that Plaintiffs provided evidence apparently not present in the record in *Zabriskie*, none of it convinces the Court that there is a genuine dispute of material fact about whether Defendant is a CRA. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986) (requiring a court to grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact."). Rather, the Ninth Circuit's holding, reached under nearly identical factual circumstances as the case before the Court today, precludes the argument that Defendant is a CRA. The additional evidence in Plaintiffs' case, "including factual admissions by high level Fannie Mae employees regarding its assembly and evaluation of consumer information," does not change the fact that, as a matter of law, the Ninth Circuit defined Defendant's role as "merely provid[ing] software that allows lenders to assemble or evaluate" consumer information. *Zabriskie*, 912 F.3d at 1196. The subjective beliefs of Defendant's employees go only to the question of whether Defendant violated the FCRA willfully or negligently. And because the Ninth Circuit held that Defendant is not a CRA and therefore is not subject to the FCRA, the Court never reaches the issue of whether any alleged violation was willful or negligent.

Plaintiffs go on to explain the differences between DU and the process "undertaken by a lender which chooses to manually underwrite a loan according to the rules set forth in the Selling Guide." (Mot. at 10.) But this distinction is immaterial because in *Zabriskie*, the Ninth Circuit addressed lenders who use the DU software—not those who choose to manually underwrite using the Selling Guide. *Zabriskie*, 912 F.3d at 1196 ("a number of lenders used DU to ascertain whether a loan to [the Zabriskies] would be eligible for purchase by Fannie Mae."). Thus, the Court is unsure what Plaintiffs hope to prove by again explaining the difference between the two processes when both cases deal with lenders' use of DU.

---

summary judgment in favor of Defendant, remanding the case for entry of judgment. 912 F.3d at 1200. Thus, *Zabriskie* more conclusively decided this issue. All of this is in addition to the obvious fact that the Ninth Circuit is within its power to change its mind on an issue and bind the lower courts to its more recent decision. *See Cadkin v. Loose*, 569 F.2d 1142 (9th Cir. 2009) (overturning a 70-year-old precedent from *Corcoran v. Columbia Broadcasting System, Inc.*, 121 F.2d 575 (9th Cir. 1941) that a defendant is the prevailing party when a plaintiff voluntarily dismisses its claim without prejudice after the court orders a more definite statement).

Even construing the evidence in the light most favorable to Plaintiffs, the Court is bound by the Ninth Circuit's precedent. As explained above, most of Plaintiffs' evidence speaks to whether or not Defendant could have violated the FCRA willfully or negligently. Given the clear precedent set by the Ninth Circuit, any dispute about a violation of the FCRA is moot because, as a matter of law, Defendant is not a CRA in this instance.

### III. CONCLUSION

Plaintiffs have failed to show that the Court committed manifest error in its January 15, 2019 Order. Thus, the Court will deny Plaintiffs' Motion for Reconsideration.

**IT IS THEREFORE ORDERED** denying Plaintiffs' Motion to Alter or Amend the Judgment (Docs. 158 (unsealed); 161 (sealed)).

Dated this 22nd day of February, 2019.

Honorable John J. Tuchi
United States District Judge