**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James McCalmont, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> Federal National Mortgage Association, *et al.*, <br><br> Defendants. | No. CV-13-02107-PHX-JJT <br><br> **ORDER** |

At issue is Plaintiffs' Motion to Vacate Costs Taxed (Doc. 168, Mot.), to which Defendant filed a Response (Doc. 170, Resp.) and Plaintiff filed a Reply (Doc. 171, Reply).

**I.   BACKGROUND**

Plaintiffs filed a Complaint (Doc. 1) in October 2013 alleging that a prior short sale of their home was later reported as a foreclosure in Defendant's automated Desktop Underwriter system ("DU"), resulting in the denial of Plaintiffs' later applications for home mortgage loans. After years of litigation in this and related matters, the Ninth Circuit held in a separate case that Defendant is not a Consumer Reporting Agency ("CRA") and thus is not subject to the relevant provision of the Fair Credit Reporting Act ("FCRA"). *See Zabriskie v. Fed. Nat'l Mortgage Ass'n*, 912 F.3d 1192 (9th Cir. 2019). Based on the Ninth Circuit's ruling in *Zabriskie*, the Court granted Defendant's Motion for Summary Judgment in this case. (Doc. 153.)

On March 15, 2019, after considering Plaintiffs' objections, the Clerk entered judgment on taxable costs against Plaintiffs in the amount of $4,898.90—about $2,000 less

than Defendant originally requested. (Doc. 166). Plaintiffs now move to vacate the taxable costs in their entirety.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." The Rule "creates a presumption in favor of awarding costs to a prevailing party, but vests in the district court discretion to refuse to award costs." *Ass'n of Mexican-American Educ. v. California*, 231 F.3d 572, 591 (9th Cir. 2000). The Court's discretion "is not without limits." *Id.* Rather, the Court "must specify reasons for its refusal to award costs." *Id.* (internal citation omitted).

Appropriate reasons for the Court to deny costs include: "(1) the substantial public importance of the case, (2) the closeness and difficulty of the issues in the case, (3) the chilling effect on future similar actions, (4) the plaintiff's limited financial resources, and (5) the economic disparity between the parties." *Escriba v. Foster Poultry Farms, Inc.*, 743 F.3d 1236, 1247–48 (9th Cir. 2014). These five indicators are not "'an exhaustive list of good reasons for declining to award costs,' but rather a starting point for analysis." *Id.* (quoting *Ass'n of Mexican-American Educ.*, 231 F.3d at 591).

## III. ANALYSIS

While the Court's review is not necessarily limited to the five considerations in *Escriba*, both parties seem to agree that those are dispositive in this matter, and indeed the Court reaches its conclusion based on those indicators alone.

### 1. Substantial Public Importance

The Court finds that the first factor—the public importance of the case—weighs in Plaintiffs' favor. While Defendant argues that the case does not reflect an issue of public importance, in part because "Plaintiffs' constitutional or civil rights were [not] at issue," that is not a requirement for substantial public importance. (Resp. at 2.) Cases do not have to pertain to constitutional or civil rights in order to be a matter of public importance. *See*

*Ass'n of Mexican-American Educ.*, 231 F.3d at 593 ("Nor are we attempting to create an exhaustive list of 'good reasons' for declining to award costs.").

Defendant also argues that the issue is not of public importance because "DU was adjusted in 2013 (before Plaintiffs' lawsuit was filed) to enable lenders to instruct DU to disregard foreclosure information after validating the applicant had only a short sale." (Resp. at 3.) But while Defendant's decision to change its DU policy is important in evaluating the third indicator—the potential chilling effect on future actions—it is not relevant to the Court's analysis of what constitutes an issue of substantial public importance. Plaintiffs should not be prejudiced because a policy that allegedly caused them harm has since been remedied, at least in part. At the time of his suit, the DU policy had been a matter of public importance because it affected other people seeking home financing in the same way it affected Plaintiffs. While the Court is not persuaded by Plaintiffs' argument that the sheer volume of amicus briefs in the pending Ninth Circuit *en banc* review renders this matter important, it is persuaded by the fact that this issue affected many consumers and, by implication, the nationwide housing market. Thus, the first indicator weighs in Plaintiffs' favor.

### 2. Closeness and Difficulty of the Issues

The second indicator also weighs in Plaintiffs' favor. As Plaintiffs point out, the question in *Zabriskie*, which is largely identical to the question here, was difficult enough to merit Ninth Circuit *en banc* review. Further, in the Court's own experience, the issues in this case were close and difficult to decide.

Defendant urges that the difficulty of the issues cannot weigh in any party's favor because "[w]hether [Defendant] was a [CRA] was not the only issue to be decided before Plaintiff[s] could prevail," and "a jury would still have needed to find that the foreclosure notation in the DU findings was inaccurate and this inaccuracy caused the lenders to deny Plaintiffs' financing." (Resp. at 3.) While this is a correct assessment of the case's posture, it does not render this case any less difficult to resolve. In fact, the baseline question of Defendant's status as a CRA was difficult to resolve. Further, Defendant cannot show that,

had the Court declared Defendant a CRA, the subsequent questions would have been any easier to resolve. In fact, the Court is sure that those questions would have proven equally difficult.

### 3. Chilling Effect on Future Similar Actions

Neither party presents the Court with sufficient argument on the question of whether awarding Defendant costs in this case would chill future similar actions. Plaintiffs generally declare that any award of costs would "have a chilling effect on consumers who would dare to ever seek to clear their name in the future when [Defendant] falsely informs any potential mortgage lenders about the contents of a consumer's credit history." (Mot. at 10.)

Defendant, on the other hand, argues that "with the law settled that [Defendant] is not a [CRA], and the adjustments made to DU in 2013 . . . along with further revisions to the software since that time, future lawsuits about the issues raised by Plaintiffs in this case are extremely unlikely." (Resp. at 4.) But Defendant cites no authority to support its proposition that the only actions the Court should worry about chilling are identical actions against the same Defendant regarding the same issue. Indeed, the Court is concerned about chilling consumer protection actions against large financial clearinghouses similar to Defendant. Further, the Court notes that if costs, which "might be considered modest when compared to amounts sought in other, larger cases, even modest costs can discourage potential plaintiffs who . . . earn low wages." *Escriba*, 743 F.3d at 1249. For these reasons, on balance, the third indicator weighs slightly in favor of Plaintiffs.

### 4. Plaintiffs' Limited Financial Resources

While Defendant asserts that Plaintiffs are not of limited means, the Court cannot be sure because Plaintiffs failed to proffer any evidence of their financial resources. Characterizing Plaintiffs as "individual consumers with extraordinarily modest comparable income" is not sufficient to show the Court that the $4,898.90 of costs would render them indigent. *See id.* at 1248 ("Costs are properly denied when a plaintiff 'would be rendered indigent should she be forced to pay' the amount assessed") (quoting *Stanley v. Univ. of S. Cal.*, 178 F.3d 1069, 1080 (9th Cir. 1999)). Due to Plaintiffs' failure to provide any

evidence to the contrary, this factor weighs in favor of Defendant. *See Greene v. Buckeye Valley Fire Dep't.*, No. CV-11-02351-PHX-NVW, 2013 WL 12160997, at *1 (D. Ariz. July 16, 2013) ("[Plaintiff] is not obligated to provide any evidence of her financial situation, but . . . she has the burden to support her claim of an inability to pay Defendants' costs . . . [and] without any evidence beyond her declaration, [the Court] cannot find that [Plaintiff] carried her burden.").

### 5. Economic Disparity Between the Parties

While the Court cannot be sure of Plaintiffs' exact financial position, it can be sure that there is great economic disparity between the parties. Plaintiffs assert that Defendant has "assets presently valued over [three] trillion dollars and net income of over $15 billion last year alone." (Mot. at 9.) Defendant does not dispute this characterization. Instead, Defendant argues that "economic disparity alone is insufficient to deny costs, as economic disparity is commonplace in litigation." (Resp. at 4 (citing *Redwind v. W. Union, LLC*, No. 3:14-CV-01699-AC, 2017 WL 1025184, at *5 (D. Or. Mar. 16, 2017)).) The Court does not dispute this point but has already found that three other indicators weigh in favor of Plaintiffs. The vast economic disparity between the parties is not the sole consideration, but it does weigh in Plaintiffs' favor.

In sum, these factors weigh in favor of declining to award Defendant costs.

**IT IS THEREFORE ORDERED** granting Plaintiffs' Rule 54(d)(1) Motion to Vacate Costs Taxed (Doc. 168) and vacating the Clerk's taxation judgment (Doc. 166).

Dated this 14th day of August, 2019.

Honorable John J. Tuchi
United States District Judge